[Civ. No. 1. Fourth Appellate District.—October 17, 1929.]

NEWTON WRAY et al., Respondents, v. L. H. CHATTERSON et al., Defendants; SOUTHERN CALIFORNIA INVESTMENT COMPANY (a Corporation), Appellant.

J. M. Chatterson for Appellant.

Head, Rutan & Scovel for Respondents.

SLOANE, P. J.—This appeal, taken to the Second District Court of Appeal from the judgment of the Superior Court of Orange County, has been transferred to this court

for decision, and is submitted, by stipulation of the parties, on the briefs on file.

The appeal is from a judgment for plaintiffs for the recovery from the defendant Southern California Investment Company the sum of $930.63 by way of contribution for appellant's share of a liability claimed under joint and several obligation entered into by plaintiffs and defendant. Shortly prior to July 28, 1924, the plaintiffs and defendant were mutually engaged in subdividing and developing certain contiguous tracts of land in the city of Santa Ana, which they owned in severalty, and in order to secure certain street extensions deemed desirable for the subdivision, said plaintiffs and defendant, of date July 28, 1924, negotiated and executed with said M. Nisson and Charlotte L. Nisson, his wife, as parties of the first part, and Newton Wray and Isabel Wray, his wife, Walter Fine and Olive Fine, his wife, J. L. Stephenson and Ida E. Stephenson, his wife, and the Southern California Investment Company, a corporation, of which L. H. Chatterson is president, as party of the second part, a contract in writing, whereby the parties of the first part agreed to grant and convey the parcel of land heretofore referred to, for street extension purposes, for a consideration of $2,500, whereby, in consideration of the granting of the parcel of land referred to by said parties of the first part, the said parties of the second part jointly and severally agreed to pay to the parties of the first part on or before one year from the date of said agreement, the sum of $2,500, together with interest thereon, at the rate of seven per cent per annum, payable semi-annually, as set forth in a certain promissory note executed as of even date therewith, and wherein it was further agreed by the parties of the second part, jointly and severally to cause to be paid all of the expenses of the paving and installing of curb and gutter upon the land so to be conveyed and used for said street extension, and to cause to be installed, prior to the paving of said portion of the street, and in the said portion thereof to be so paved, all sewer lines, gas lines and water lines, with laterals, so that after the paving thereof the cutting of the pavement would not be necessary for said installation; and to pay, or cause to be paid, all of the expense of the installing of said lines, and that said parties of the first part should not be required

to pay any of the aforesaid expense of paving, gutter, curb and pipe-lines, in and upon said portion of the street extension, and that the parties of the second part shall cause to be paid all expenses of the aforesaid paving and pipe-lines.

There were other conditions attached to this contract, but it is not disputed, and the trial court finds, that all of the conditions of the contract as to the payment for said real property, and of the accruing charges for installing improvements thereon, have been fully met.

The only controversy in the case is as to the liability for and apportionment of these payments between the plaintiffs and the defendant.

It is conceded that as between the parties to this action, no liability attached to Walter R. Fine or Olive N. Fine. The responsible parties, then, to this contract are the plaintiffs and the defendant. On the face of the contract, and by its terms, being a joint and several obligation, each of the obligors become liable to contribute his or her proportionate share of the stipulated expenditures, which would be four-fifths for the plaintiffs and one-fifth for the defendant. Nothing appears in the evidence or the findings to indicate any limitation on the contractual liability of the wives of plaintiffs Wray and Stephenson. So far as the record discloses, they were equally bound with their husbands and the defendant corporation under this contract. The proportionate liability of joint and several obligors on a written contract is fixed by section 1432 of the Civil Code.

Plaintiffs rely, however, upon, and claim to base their action upon, a verbal agreement alleged to have been made between the plaintiffs and the defendant shortly prior to the execution of the written contract, and in the course of the negotiations for the Nisson land, whereby Wray and Stephenson were to assume one-half of the expense to be incurred in this deal, and the defendant company was to pay the other half, and that the contract was executed under this agreement.

The trial court, over the objection of defendant, admitted evidence as to this oral agreement, and found that it was binding on the defendant. This is assigned as error, on the ground that all prior oral negotiations are to be deemed merged in the written instrument, and that the implied obli-

gations of the parties under the statute can no more be varied by previous oral agreements than the express terms of the writing.

■ There is, however, another phase of this case, which, in our view of the law and the evidence, calls for a reversal of the judgment, and renders a discussion of the foregoing point unnecessary. The expenditures, jointly and severally assumed under the written contract by the plaintiffs and defendant, included not only the $1792.60 chargeable to the parties for installing paving, curbs, gutters, sewers, gas and water lines, etc., but also the purchase price of $2,500 for the strip of land acquired. This latter fund has been entirely ignored in the findings of the trial court, although the attorney for the defendant asked findings thereon, by proposed amendments of the findings submitted to and adopted by the court, which amendments were denied, and judgment was given in favor of plaintiffs for $896.30, being one-half of the total expenditure for improvements of $1792.60, without reference to the $2,500 agreed consideration for the parcel of land.

The obligations of the parties to contribute to this payment of $2,500 rests upon precisely the same footing under the written contract as does that of the $1792.60. Evidence that this $2,500 was paid by the defendant company is clear and explicit and undisputed. Even if it can be held that the oral agreement that each party was to pay one-half of these obligations, which amounted to the total of $4,292.60, is established, it appears that the defendant has contributed more than one-half of that amount, and is thereby absolved from further liability to the plaintiffs.

We think it is clear that the liability for contribution relied on in this action arises on the written agreement of July 28, 1924. This is the only contract by which the parties bound themselves to pay the $2,500 consideration for the land acquired, and the additional $1792.60 for the improvements, the cost of which they assumed. This written obligation includes both of these items; and even under the oral agreement as testified to by the plaintiffs, that the plaintiffs were to assume one-half of the liability and the defendant one-half, both the $2,500 and the cost of the improvements were contemplated in such oral agreement. The plaintiff Wray testified (Trans., p. 14) that the oral agreement took

place shortly before the execution of the written contract, and that the statement of the liability each party was to assume "relates solely to the price and terms and conditions of the contract we drew up afterwards with Mr. Nisson." Plaintiff Stephenson testified that the oral agreement was preliminary to the written contract (Trans., p. 443), and it was to the effect that the oral agreement "related to the matter of deciding how we should prorate the expense of doing this, and that the expense was to be prorated among three of us, half by Mr. Chatterson as I remember, and the other half by Mr. Wray and myself." (Trans., p. 38.) These oral negotiations seem to relate clearly to the combined purchase price of the Nisson land and the installation cost of the improvements, and when the defendant corporation paid the $2,500 for the land it more than met its share of the contribution to the total obligation.

Judgment affirmed.

Barnard, J., and Marks, J., concurred.